IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PATRICK LEATH, PRO SE, <br> TDCJ-CID No. 1826931, <br><br> Plaintiff, <br><br> v. <br><br> UNNAMED DEFENDANTS, <br> OLIVER BELL, <br> NFN KELLY, Indigent Supply Officer, and <br> MAILROOM COORDINATORS <br>    PANEL – UNNAMED, <br><br> Defendants. | § § § § § § § § § § § § § § | 2:13-CV-0211 |

**REPORT AND RECOMMENDATION**

Plaintiff PATRICK LEATH, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

In this lawsuit plaintiff challenges revisions to correspondence rules which limit his use of indigent postage to five one-ounce domestic postage letters of general correspondence per month. Plaintiff says the previous policy had been five letters per week and argues the change in policy violates *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978).

Plaintiff requests injunctive relief requiring defendants to provide plaintiff with stationary supplies and postage for five letters per week, and costs of suit.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff states defendant Kelly, CO V, acting in her capacity as the indigent supply officer, failed to provide him with "five posted letters to family/friends per week."

The Court construes plaintiff's claim to be a free speech claim. Lawful incarceration results in the necessary withdrawal or limitation of many privileges and, even, rights. *Pell v. Procunier*, 417 U.S. at 822, 9S.Ct. at 2804. "The precise contours of a prisoner's right to free

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

speech are ... obscure[,]" but Supreme Court caselaw makes clear "that prisoners retain only those First Amendment rights of speech which are 'not inconsistent with [their] status as . . . prisoner[s] or with the legitimate penological objectives of the corrections system.'" *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir.1993) (quoting *Hudson v. Palmer,* 468 U.S. 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (quoting *Pell v. Procunier,* 417 U.S. 817, 822 (1974))).

Plaintiff's reliance on the Fifth Circuit's 1978 decision in *Guajardo* is misplaced. Subsequent to *Guajardo*, the Supreme Court established the reasonableness standard by its decisions in *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), and *Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).  "[I]n determining the constitutional validity of prison practices that impinge upon a prisoner's rights with respect to mail, the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest." *Brewer v. Wilkinson*, 3 F.3d 816, 824 (5th Cir. 1993).  This reasonableness standard is premised on the deference the courts must afford prison administrators, who make the difficult judgment calls concerning day-to-day institutional operations, including situations in which an inmate's constitutional rights could be impinged.  *Turner v. Safley*, 482 U.S. at 89.

The limitation in this case is the reduced number of one-ounce general correspondence domestic mail letters an indigent inmate may mail at State expense.  The TDCJ policy challenged is content-neutral and is merely a limit on the amount of outgoing non-legal mail by indigent prisoners for which the State will subsidize the postage.

There is "no constitutional entitlement to [this] subsidy." *Lewis v. Sullivan,* 279 F.3d 526, 528 (7th Cir.2002); *Hershberger v. Scaletta,* 33 F.3d 955, 956-57 (8th Cir.1994) (indigent inmates do not have a right to free postage for personal mail); *Van Poyck v. Singletary,* 106 F.3d

1558 (11th Cir.1997) (same); *Gaines v. Lane,* 790 F.2d 1299, 1308 (7th Cir.1985) (holding that prisoners "do not have a right to unlimited free postage"). Consequently, outside the sphere of access to courts, a state has no obligation to provide free postage to indigent inmates for any mail, and plaintiff's free-speech challenge to the reduction of the five-letter a week limit for subsidized indigent general mail to five letters a month lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed by plaintiff PATRICK LEATH pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

IT IS SO RECOMMENDED.

ENTERED THIS 12th DAY OF NOVEMBER, 2013.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).